# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zokaites Properties, LP and  
Wyncrest Development, Inc., :  
                   Appellants :  
                   :  
                   : No. 519 C.D. 2016  
         v. : Argued: April 6, 2017  
                   :  
Butler Township UCC Board :  
of Appeals :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge  
                HONORABLE JULIA K. HEARTHWAY, Judge  
                HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**  
**BY JUDGE SIMPSON**               **FILED: May 3, 2017**

        Zokaites Properties, LP (Builder) and Wyncrest Development, Inc. (Owner) (collectively, Developers), appeal from the order of the Butler County Court of Common Pleas (trial court)[1] affirming the Uniform Construction Code (UCC) Board of Appeals (Board) of Butler Township's (Township) decision denying a permit to build homes under the 2006 UCC. The Township argued the 2009 UCC applied, whereas Developers asserted an agreement executed shortly before the new UCC's effective date controlled, permitting construction under the 2006 UCC. The trial court directed Developers to file a concise statement of the errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Statement). Because Developers did not comply, the Board contends all issues on appeal are waived. Developers argue the merits, and, in their reply brief, seek a remand to permit late filing of the Statement. Precedent constrains us to affirm.

---

[1] The Honorable Michael Yeager presided.

## I. Background

Developers planned a residential real estate subdivision known as Wyncrest Estates Plan of lots (Estates) in the Township, Butler County. The Estates comprises approximately 40 acres and was approved for the construction of 47 single-family lots and homes. To date, there are 15 homes constructed in the Estates. The homes were constructed in accordance with the 2009 UCC.

The Township created its UCC Board pursuant to Section 501(c) of the Construction Code Act, 35 P.S. §7210.501(c)[2] to hear appeals from decisions of the Township Code Enforcement Officer (Officer).

In 2010, a subcontractor of Developers applied to the Township for a building permit, proposing construction under the 2006 UCC. Officer denied the application, stating Developers had to build the home under the 2009 UCC. Sweeny Shank Architects, LLC (Architect) allegedly agreed to design single family homes, multi-family homes, carriage homes, and accessory structures in the Estates, and to provide plans and complete construction for Developers pursuant to a letter dated December 15, 2009 (Letter). Reproduced Record (R.R.) at 80a. The Letter states it memorializes in writing a series of oral agreements between Architect and Developers into a "Design Contract." Id. Relevant here, the Letter was signed 15 days before the 2009 UCC effective date, December 31, 2009. However, Officer determined all residences constructed after January 1, 2010, needed to comply with the 2009 UCC, not the 2006 UCC.

---

[2] Act of November 10, 1999, P.L. 491, as amended.

Developers appealed Officer's decision to the Board. They claimed the additional cost of compliance was approximately $12,000-$15,000 per home. In the hearing before the Board, Developers advised that the Letter was executed under the "grandfather provision" of the law[3] such that the 2006 UCC applied to any construction performed pursuant to the Letter. On June 30, 2010, the Board affirmed Officer's decision, that the Letter was not an enforceable design contract. The Board also agreed with Officer's rationale that Developers had to submit some evidence of detrimental reliance on the prior UCC to trigger its application.

Developers filed an appeal and sued for mandamus relief in the trial court. Developers alleged the Board erred in concluding that evidence was necessary to show detrimental reliance when the law required only execution of a contract prior to the effective date.

The trial court held a bench trial on October 28, 2015. Officer testified on behalf of the Board regarding her interpretation of the UCC. Jeffrey Robinson, who served as an officer of both Owner and Builder, testified regarding Developers' contractual relationship with Architect. He explained Architect agreed to design the homes, provide plans, and drawings; the agreement was broad enough to contemplate different possibilities. Developers believed the Letter was an enforceable contract, and they made financial projections as to costs and profits based on compliance with the 2006 UCC. The incremental cost increase would be

---

[3] The UCC expressly excludes from its application, "new buildings or renovations to existing buildings on which a contract for design or construction <u>has been signed prior to the effective date</u> of the regulations promulgated under this act on projects requiring department approval." Section 104(b)(2) of the UCC, 35 P.S. §7210.104(b)(2) (emphasis added).

passed on to the consumers, reducing the likelihood of sales. As a result, he characterized the Estates as a failing development. Robinson testified that had Developers believed they would be required to comply with the 2009 UCC, with its additional costs, they "probably [would] not" have proceeded. R.R. at 56a.

Ultimately, the trial court issued findings of fact, conclusions of law, and a verdict in favor of the Board (November Order). The trial court determined the Letter was not a "design contract" under the UCC. Rather, the Letter was an attempt to circumvent the intent behind the UCC, which "is to provide standards for the protection of life, health, property and environment and for the safety and welfare of the consumer, general public and the owners and occupants of buildings and structures." Tr. Ct., Slip Op., 11/3/15, Conclusion of Law (C.L.) No. 8. The trial court reasoned Developers established no detrimental reliance to warrant application of the 2006 UCC to the Estates.

Developers filed an appeal of the trial court's November Order to the Superior Court, which subsequently transferred the matter to this Court.

In December 2015, the trial court directed Developers to file the Statement pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Specifically, in its order, the trial court advised "[a]ny issue not properly included in the Statement timely filed and served shall be deemed waived." Tr. Ct., Order, 12/11/15 (December Order).

4

The Prothonotary of Butler County certified the mailing of the December Order to counsel on December 14, 2015. R.R. at 10a (docket entries).

In its Rule 1925(a) opinion, issued February 5, 2016, the trial court concluded Developers' issues were waived for failure to file a Statement. The Prothonotary certified the mailing of the opinion to counsel on February 8, 2016. Id. at 11a.

After transfer of the appeal to this Court, the trial court again recommended dismissal because Developers failed to file a Statement. In a second Rule 1925(a) opinion issued May 9, 2016, the trial court noted the 21 days for filing the Statement elapsed on January 4, 2016, such that all issues raised on appeal were waived. The trial court noted that despite issuance of its February opinion, Developers still had not filed a Statement.

In their main brief to this Court, Developers brief the merits. For the first time, in their reply brief, Developers address their failure to file a Statement. Therein, Developers claim they did not learn the trial court issued any 1925(a) opinions until this Court declined to accept their initial brief for failure to include the Rule 1925(a) opinion. Thus, Developers claim they first learned of the defect in their Rule 1925 practice on or about August 9, 2016. However, Developers did not separately apply for a remand; rather, they seek a remand in their reply brief filed December 28, 2016, more than a year after the trial court directed them to file their Statement.

5

## II. Discussion

### A. Contentions

As to the merits, Developers argue the Letter constitutes a contract executed prior to the effective date of the 2009 UCC. Therefore, Developers are permitted to construct the residences contemplated by the Letter pursuant to the 2006 UCC. Developers contend the trial court erred in affirming the Board because evidence of detrimental reliance is not the proper standard for determining which version of the UCC applies to planned construction.

As to the Statement and alleged waiver for failure to file one, Developers contend counsel did not receive a copy of the trial court's December Order directing the filing of a Statement. They also deny any knowledge of the need to file the Statement or of the trial court's *two* Rule 1925(a) opinions until this Court rejected their main brief for failure to attach a copy of the Rule 1925(a) opinion.

The Board responds that the trial court did not err in holding the Letter did not constitute an enforceable contract because it did not contain any details regarding the proposed construction or create enforceable obligations between the parties. The Board also contends Developers' appeal should be dismissed for their failure to file a Statement.

### B. Rule 1925(b) Statement

Before addressing the merits of Developers' claims, we must first address their failure to file a Statement under Rule 1925(b).

6

## 1. Rule 1925(b) Waiver

Substantially amended in 2007, Rule 1925 provides, in relevant part:

(b) **Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**— If the judge entering the order giving rise to the notice of appeal ('judge') desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement').

 (1) *Filing and service.*—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa. R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service form in compliance with the requirements set forth in Pa. R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa. R.A.P. 121(c).

 (2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental statement to be filed. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

\* \* \* \*

 (4) *Requirements; waiver.*

\* \* \* \*

 (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa. R.A.P. 1925(b)(1), (2), (4)(vii).

7

It is well-settled in Pennsylvania that the failure to file a timely Rule 1925(b) statement automatically results in waiver of all issues on appeal, regardless of the length of the delay in filing. Commonwealth v. Hill, 16 A.3d 484 (Pa. 2011); Commonwealth v. Castillo, 888 A.2d 775 (Pa. 2005). This bright-line rule of waiver applies regardless of whether the trial court issued an opinion that permits adequate appellate review. Hill. Our Supreme Court reasoned:

> Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [Commonwealth v.] Lord[, 719 A.2d 306, 309 (Pa. 1998),] that must be applied here: '[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925. Any issues not raised in a Pa. R.A.P. 1925(b) statement will be deemed waived.'

Id. at 494 (footnote omitted) (citation omitted). Our Supreme Court consistently concludes the "'bright-line character of [the] strict waiver rule' is 'justified by an overarching concern to uniformity and certainty of result in the event of a failure to comply.'" Hill, 16 A.3d at 493 (quoting Commonwealth v. Wholaver, 903 A.2d 1178, 1184 (Pa. 2006)).

8

## 2. Good Cause Exception

However, Rule 1925(b)(2) permits a party to seek an extension for filing a Statement "for good cause shown." Examples of "good cause" as provided in the note to Rule 1925(b)(2) include the retention or appointment of new counsel, "a serious delay in the transcription of the notes of testimony or in the delivery of the order to appellate counsel." Id.

Our Supreme Court clarified, "an appellant who seeks an extension of time to file a Statement must do so by filing a written application with the trial court, setting out good cause for such extension, and requesting an order granting the extension." Commonwealth v. Gravely, 970 A.2d 1137, 1143 (Pa. 2009) (emphasis added). An appellant's failure to seek an extension as prescribed by Rule 1925(b) will result in waiver of the additional issues not timely raised. Id.

Here, Developers did not file a Statement at all. Nor did they seek permission from the trial court to file the Statement late for good cause. Because Developers did not seek relief from the trial court, we consider their request for a remand for purposes of filing a Statement pursuant to Pa. R.A.P. 1925(c)(2).

Rule 1925(c)(2) provides: "Upon application of the appellant **and** for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of the Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion." Pa. R.A.P. 1925(c)(2) (emphasis added).

This Court recently upheld application of the bright-line rule to the untimely filing of a Rule 1925(b) Statement in In re Clinton County Tax Claims Bureau Consolidated Return, 109 A.3d 331 (Pa. Cmwlth. 2015). There, appellant filed his 1925(b) Statement one day late. In its Rule 1925(a) opinion, the trial court observed the statement was untimely filed, and it relied on the reasoning contained in its earlier opinion. We recognized that "absent extraordinary circumstances, an untimely filed 1925(b) statement automatically results in waiver of the issues raised on appeal." Id. at 335 (emphasis added) (citing Castillo).

More recently, in an unreported decision, this Court evaluated whether an appellant set forth good cause for a remand to file a Rule 1925(b) Statement. See In re Condemnation by Mercer Area Sch. Dist. (Pa. Cmwlth., No. 58 C.D. 2016, filed December 15, 2016), 2016 WL 7241472 (unreported),[4] petition for allowance pending, (Pa., No. 98 WAL 2017). There, we explained appellate courts may remand civil cases to trial courts to cure defects in Rule 1925 practice in two circumstances: (1) "for a determination as to whether a [Rule 1925(b)] Statement had been filed and/or served or timely filed and/or served; or (2) "[u]pon application of the appellant and for good cause shown." Id., slip op. at 9. Applying the Rule, we concluded a remand was unnecessary in either circumstance. Id. (affirming trial court order based on failure to file a timely Statement). As to Rule 1925(b)(1), we noted the record was unequivocal as to the filing date of the appellant's statement, which was one day late. As to (b)(2), we determined remand was inappropriate when the appellant did not show good cause.

---

[4] 210 Pa. Code §69.414(a) (an unreported opinion of this Court filed after January 15, 2008, is not precedential but may be considered persuasive).

Considering each circumstance here, this Court concludes that a remand is similarly inappropriate. Regarding the first reason, Developers do not dispute that they did not file a Statement. Thus, a remand to hold a hearing as to that fact under Rule 1925(b)(1) would be an unnecessary waste of judicial resources.

Regarding the second situation warranting remand, we also determine Developers did not allege good cause. Significantly, Developers do not articulate any "good cause" as that term is construed under Rule 1925. See Pa. R.A.P. 1925, *Note*. Developers do not cite a single case in their reply brief addressing waiver under Rule 1925(b). Developers' argument consists of a single sentence: "Based on the foregoing, [Developers] respectfully conten[d] that [they] should not lose [their] appellate rights due to an error on the part of the Post Office." Appellants' Reply Br. at 5-6.

Without alluding to facts or explanation for blaming mail service, Developers merely assert counsel did not receive the trial court's December Order. Developers' claim of non-receipt ignores the Prothonotary's certification of service, and the legal presumption that properly-addressed mail is received. Volk v. Unemployment Comp. Bd. of Review, 49 A.3d 38 (Pa. Cmwlth. 2012) (applying common law mailbox rule).

Here, the docket entries reflect that the Prothonotary mailed the trial court's December Order and its 1925(a) opinion to counsel of record. R.R. at 10a-11a. Cf. Schlag v. Dep't of Transp., Bureau of Driver Licensing, 963 A.2d 598

11

(Pa. Cmwlth. 2009) (where the docket does not show that notice of the entry of a Rule 1925(b) order was provided to appellant as required under Pa. R.C.P. No. 236, this Court would not conclude that appellant's issues were waived for failure to file a Statement). Developers suggest no cause for their alleged non-receipt of the December Order when they received the November Order.

Further, Developers did not submit an application to this Court seeking a remand. Instead, Developers discuss the provisions for remand under Rule 1925(c) in their reply brief. Notably, in their reply brief, Developers offer no argument as to why a remand is warranted or just in this case.

Moreover, the record reveals a lack of diligence on the part of Developers to discover the necessity for filing a Statement.

Developers filed their reproduced record on August 5, 2016. Therein, the docket entries for the trial court (R.R. 4a) list the following entries: Item No. 40, trial court order dated 12/11/15 (which directed filing of the Statement); Item No. 42 (described as Rule 1925(a) opinion of court dated 2/5/2016); and, Item No. 47 (described as Rule 1925(a) opinion and order of court dated 5/9/2016). Thus, Developers should have been aware of the trial court's December Order and of its subsequent Rule 1925(a) opinions when preparing the reproduced record. Yet, Developers insist they were unaware of the trial court's December Order, or of any opinions issued after November 2015 until this Court rejected their brief in August.

12

From our review, Developers did not take necessary steps to cure their failure to file a timely Statement, or take any steps in that regard when they first should have known about the defect.

"Our application of Rule 1925(b) today may be harsh. Nevertheless, our disposition is consistent with Rule 1925(b) and decisional authority." Estate of Boyle, 77 A.3d 674, 676 (Pa. Super. 2013) (citation omitted).

### III. Conclusion

Because Developers have not preserved any issue for our review, we affirm the trial court's order.[5]

_____

ROBERT SIMPSON, Judge

---

[5] See In re K.L.S., 934 A.2d 1244, 1246 n.3 (Pa. 2007) (when issues are waived on appeal because an appellant failed to preserve them, a court should affirm rather than quash the appeal; quashing is appropriate for lack of jurisdiction).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Zokaites Properties, LP and  
Wyncrest Development, Inc.,  
                          Appellants  

                v.  

Butler Township UCC Board  
of Appeals  

:  
:  
:  
:  No. 519 C.D. 2016  
:  
:  
:  
:  
:  
:  

# **O R D E R**

**AND NOW**, this 3rd day of May, 2017, the order of the Butler County Court of Common Pleas is **AFFIRMED**.

_____  
ROBERT SIMPSON, Judge